[Cite as *Guernsey Cty. Community Dev. Corp. v. Speedy*, 2023-Ohio-1796.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| GUERNSEY COUNTY COMMUNITY | : | Hon. W. Scott Gwin, P.J. |
| DEVELOPMENT CORPORATION | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 23CA000004 |
|  | : |  |
| DANIEL L. SPEEDY, ET AL | : |  |
|  | : | OPINION |
| Defendants-Appellants | |  |

CHARACTER OF PROCEEDING:    Appeal from the Guernsey County Court of
Common Pleas, Case No. 22-CV-240

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 30, 2023

APPEARANCES:

For Plaintiff-Appellee                     For Defendants-Appellants

ERIK A. SCHRAMM, SR.                  BRADLEY JECKERING
KYLE BICKFORD                              DALIA G. SAFADI
464457 National Road West            16 S. Main Street
St. Clairsville, OH 43950                Mechanicsburg, OH 43044

*Gwin, P.J.*

{¶1} Appellants appeal the judgment entries of the Guernsey County Court of Common Pleas denying their motion for continuance and granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2} On July 12, 2022, appellee Guernsey County Community Development Corporation filed a complaint against appellants Daniel Speedy, Dora Speedy, Charles Speedy, Jennifer Rummell, and Aaron Rummell. Daniel Speedy is the former executive director of Guernsey County Community Development Corporation. Dora Speedy is Daniel's wife. Charles Speedy is Daniel and Dora's son. Jennifer Rummell is Daniel and Dora's daughter.

{¶3} The complaint alleges violations of the Ohio Uniform Fraudulent Transfer Act, as follows: a quit claim deed dated January 12, 2022 and recorded January 20, 2022 from Daniel and Dora to Charles of two parcels valued by the auditor at $58,690; a second quit claim deed dated January 12, 2022 and recorded January 20, 2022 from Daniel and Dora to Charles of one parcel valued by the auditor at $5,180; a third quit claim deed dated January 12, 2022 and recorded January 19, 2022 from Daniel and Dora to Charles of one parcel valued by the auditor at $5,630; and a fourth quit claim deed recorded July 26, 2018 from Daniel and Dora to Jennifer and Aaron of three parcels valued by the auditor at $121,610.

{¶4} Appellants each filed an answer to the complaint on September 12, 2022. In the answers, appellants admit that Charles and Jennifer are the children of Daniel and Dora and admit the transactions were made, but generally deny the remaining allegations.

**{¶5}** Previously, on September 13, 2016, appellee filed a separate complaint against Daniel alleging multiple claims, including breach of contract and fraud (Guernsey County Case No. 16-CV-335). In February of 2018, the complaint was amended to include Dora as a defendant. On December 15, 2021, Daniel pled guilty to filing a false tax return in federal court. On June 1, 2022, appellee obtained a judgment on the 2016 complaint against Daniel, Dora, and several corporations Daniel owned, for $1,031,773.40, jointly and severally. Appellee alleges that, after the complaint was filed in the 2016 case, Daniel and Dora made the transfers in this case, in violation of R.C. 1336.01, et seq.

**{¶6}** Appellee filed a motion for summary judgment in this case on December 2, 2022. Attached to the motion for summary judgment is a transcript of a judgment debtor examination of Dora. During the debtor's exam, Dora confirmed she and Daniel reside at 2412 Eastmoor Drive, the property that is titled in Aaron and Jennifer's name. Dora stated she and Daniel do not pay rent, and she and Daniel pay the real estate taxes on the property. Aaron and Jennifer live at 2414 Eastmoor. Dora testified Exhibit G was a quit claim deed she signed. She stated the deed "was a gift to my daughter and her son-in-law – my son-in-law." When asked, "was that 2412 a gift to the Rummells," Dora responded, "Yes."

**{¶7}** Dora confirmed she signed Exhibit D, the quit claim deed from herself and Daniel to Charles with regard to Parcel #38-0002888. She stated, "we gave – we gave him the property." When asked, "so it – it was a gift," Dora responded, "Yes." As to Exhibit E, the quit claim deed for Parcel #38-0002107000, Dora confirmed this was a gift of property to Charles. As to the third quit claim deed, Dora confirmed it was her signature

on the deed, and this was a gift of property to Charles. Dora did not dispute the dates contained on the quit claim deeds. She stated she was aware the 2016 civil case was pending when she signed the deeds.

{¶8} When asked where her and Daniel's assets went, Dora stated, "we bought those houses" and "real estate." When asked how much of their assets were left, Dora testified, "there's nothing left * * * we spent it on real estate." She further stated, "where did all this money go? Well, all I know is that he [Daniel] bought those properties that my daughter and my son-in-law live in."

{¶9} Also attached to the motion for summary judgment is an affidavit of counsel, the quit claim deeds at issue, and the "statement of reason for exemption from real property conveyance fee" for each property at issue stating they were exempt from the conveyance fee because it was "a gift, in any form, between husband and wife, or parent and child, or the spouse of either." Each of the deeds at issue were prepared by Daniel.

{¶10} On December 20, 2022, appellants filed a motion for continuance to conduct discovery and/or, in the alternative, to stay the proceedings pending the appeal in Guernsey County Case No. 16-CV-335. In their motion, appellants cited Civil Rule 56(F) and stated, "in order to provide Defendants with a legitimate opportunity to conduct discovery to oppose Plaintiff's motion for summary judgment," appellants requested a ninety-day extension to respond to the motion. Each of the appellants executed an affidavit stating, "I am asking for a ninety (90) day continuance to respond to Plaintiff's motion for summary judgment, through April 2, 2023," "the request for a ninety (90) day continuance is for legitimate reasons," "the request for a ninety (90) day continuance is neither dilatory, purposeful, nor contrived," "a ninety (90) day continuance would provide

an opportunity to conduct discovery" and "there are valid defenses against Plaintiff's motion for summary judgment that the discovery process will enable me to adequately pursue."

{¶11} Appellee filed a memorandum in opposition to the motion for continuance and/or stay on December 28, 2022.

{¶12} Appellants filed a memorandum in opposition to the motion for summary judgment on January 3, 2023, "out of an abundance of caution," in case the trial court denied its motion to continue/stay.

{¶13} Attached to the response are the affidavits of appellants. In Daniel's affidavit, he avers as follows: he and Dora transferred the parcels to the Rummells in August of 2016; Guernsey County Case No. 16-CV-335 had not commenced at the time the parcels were transferred to the Rummells; he and Dora transferred the property to the Rummells because they had made a promise to help their children buy a home; the Rummells accepted the parcels in good faith; he had no actual intent to hinder, delay, or defraud the plaintiff by transferring the parcels to the Rummells, as the 2016 case had not commenced at the time of the transfer; the Rummells exchanged reasonably equivalent value for the transfer of the parcels in the form of fulfilling his and Dora's wish to help their children buy a home; he and Dora transferred the parcels to Charles; they purchased these parcels in the early 2000's with the intent to transfer the properties to Charles when he was financially capable so he could build a home for his family; they transferred the parcels to Charles in good faith because they made a promise to one day help him buy a home; Charles accepted the parcels in good faith because he was financially capable of owning the property; he had no actual intent to hinder, delay or

defraud the plaintiff by transferring the parcels to Charles; and Charles exchanged reasonably equivalent value in the form of fulfilling his and Dora's wish to help him build a home. Dora executed an affidavit that contained the same averments as Daniel's affidavit.

{¶14} Jennifer executed an affidavit stating as follows: the parcels were transferred to her and Aaron in August of 2016; Guernsey County Case No. 16-CV-335 had not yet commenced at the time the parcels were transferred to them; Daniel and Dora transferred the parcels in good faith because they made a promise to help their children buy a home; she accepted the parcels in good faith; she had no actual intent to hinder, delay, or defraud the Plaintiff by accepting the transfer because the 2016 case had not commenced at the time of the transfer; and they exchanged reasonably equivalent value for the transfer of the parcels in the form of fulfilling Daniel and Dora's wish to help their children buy a home. Aaron executed an affidavit containing the same averments as in Jennifer's affidavit.

{¶15} Charles executed an affidavit stating as follows: the parcels were transferred to him by Daniel and Dora; the parcels were purchased in the early 2000's by Daniel and Dora with the intent to transfer the property to him when he was financially capable so he could build a home for his family; Daniel and Dora transferred the parcels to him in good faith because they had made a promise to one day help him buy a home; he accepted the parcels in good faith because he was financially capable of owning the property; he had no actual intent to hinder, delay, or defraud the Plaintiff by accepting the parcels; and he exchanged reasonably equivalent value for the transfer of the parcels in the form of fulfilling Daniel and Dora's wish to help him build a home.

{¶16} On January 18, 2023, the trial court denied appellants' motion for continuance and/or motion for stay.

{¶17} The trial court issued a final judgment entry on January 24, 2023, granting summary judgment to appellee. The trial court found at least five badges of fraud, including: the transfers were made to insiders; the transfers to Charles were made after the complaint was filed in the 2016 case and within 6 months of the judgment in that case; the unrecorded deed to the Rummells only took effect as to appellee when it was recorded; the real estate transfers were gifts for no monetary consideration; fulfilling a wish to help their child buy a home was not reasonably equivalent value because there was no "buying" performed as the transfers were gifts to their children; the real estate transferred represents the most significant assets of Daniel and Dora; the transfer to the Rummells occurred after the suit was filed, and the transfer to Charles occurred after the 2016 suit was filed and one month after Daniel pled guilty in federal court. The trial court voided the transfers to the Rummells and Charles, and re-conveyed the titles to the properties to Daniel and Dora. Further, the trial court granted an injunction against further disposition of the properties by appellants. The trial court denied appellee's request for punitive damages and attorney fees.

{¶18} Appellants appeal the January 18 and January 24 judgment entries of the Guernsey County Court of Common Pleas, and assigns the following as error:

{¶19} "I. THE TRIAL COURT ERRED BY EXECUTING ON THE NON-FINAL JUDGMENT OF COMPANION GUERNSEY COUNTY CASE NO. 16-CV-335.

{¶20} "II. THE TRIAL COURT IMPROPERLY GRANTED PLAINTIFF-APPELLEE'S MOTION FOR SUMMARYJUDGMENT BECAUSE GENUINE ISSUES OF

MATERIAL FACT REMAINS AS TO: (1) WHETHER THE RUMMELL PROPERTY TRANSFER MEETS THE REQUIREMENTS OF O.R.C. 1336.04(A) AND WHETHER PLAINTIFF-APPELLEE'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS OF O.R.C. 1336.09(A); (2) WHETHER DEFENDANTS-APPELLANTS HAD THE ACTUAL INTENT TO HINDER, DELAY, OR DEFRAUD PLAINTIFF-APPELLEE AS REQUIRED FOR A FRAUDULENT TRANSFER CLAIM BY O.R.C. 1336.04(A)(1); AND WHETHER THE TRANSFERS WERE NOT MADE FOR REASONABLY EQUIVALENT VALUE AS REQUIRED FOR A CONSTRUCTIVELY FRAUDULENT TRANSFER CLAIM BY O.R.C. 1336.04(A)(2).

{¶21} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY: (1) DENYING DEFENDANTS-APPELLANTS' MOTION FOR A CONTINUANCE TO CONDUCT DISCOVERY; AND (2) DENYING DEFENDANTS-APPELLANTS' MOTION FOR A STAY PENDING THE APPEAL OF GUERNSEY COUNTY CASE NO. 16-CV-335."

{¶22} This case is before this Court on the accelerated calendar which is governed by App.R. 11.1. This appeal shall be considered in accordance with that rule.

*Summary Judgment Standard*

{¶23} Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary

judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.   A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶24}  A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981).  The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984).  A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶25}  When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).  This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

I.

{¶26} In their first assignment of error, appellants contend the trial court erred by "executing" on the non-final judgment in Case No. 16-CV-335. On June 1, 2022, the Guernsey County Court of Common Pleas granted summary judgment in favor of appellee as to appellants Daniel and Dora Speedy in Case No. 16-CV-335. The trial court awarded judgment in favor of appellee and against Daniel and Dora, jointly and severally, in the amount of $1,031,733.40. Daniel and Dora filed an appeal of that determination. On March 23, 2023, this Court issued an opinion finding the case involved a non-final order because the remaining claims against defendants and other parties were dismissed without prejudice by the trial court. Appellants contend that because we found the order in 16-CV-335 to be not final and appealable, that judgment cannot function as a basis for a finding of a fraudulent transfer.

{¶27} We disagree. The language contained in the Ohio Uniform Fraudulent Transfer Act demonstrates a final judgment is not a prerequisite for a finding that a transfer is fraudulent. The Act "no longer requires that the allegedly fraudulent transfer occur subsequent to the creation of a debtor/creditor relationship; it permits claims for transfers made with the intent to defraud future creditors." *Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358 (6th Dist. Huron). R.C. 1336.04(A) states "a transfer made * * * is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made." R.C. 1336.04 references an attempt by a debtor to avoid a claim or a potential claim, not the avoidance of the execution of a judgment. *Id.*; *Colonial Guild, Ltd. v. Pruitt*, 9th Dist. Lorain No. 00CA007696, 2001 WL 324377 (April 4, 2001) (fraudulent transfer before final

judgment entry issued); *Wells Fargo Financial Leasing, Inc. v. Trio Transportation, Inc.*, 2nd Dist. Jefferson No. 04 JE 33, 2005-Ohio-4687 (transfer was fraudulent when the transfer occurred months before the incurrence of the obligation).

**{¶28}** The trial court did not "execute" on the 16-CV-335 judgment entry in this case. Rather, the trial court ordered the title of the subject properties to be returned to Dora and Daniel's names, and issued an injunction preventing the further transferring of the properties. Revised Code Chapter 1336 permits the trial court to make such an order. Appellants' first assignment of error is overruled.

II.

**{¶29}** Appellants combine three sub-issues in their second assignment of error.

*Statute of Limitations*

**{¶30}** First, with regard to the transfer to the Rummells, appellants contend appellee's fraudulent transfer claim is barred by the statute of limitations contained in R.C. 1336.09(A). Appellants argue that since the deed is dated August 16, 2016, the alleged fraudulent transfer occurred more than four years before appellee filed its complaint in this case on July 12, 2022.

**{¶31}** R.C. 1336.09 provides that a claim for relief is extinguished unless an action is brought within four years after the transfer was made if utilizing R.C. 1336.04(A)(1) or R.C. 1336.04(A)(2). R.C. 1336.06(A)(1) states that a transfer of real property is made for purposes of Chapter 1336 "when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee." The deed to the Rummells is dated August 16, 2016. However, there is

no dispute that the deed was not recorded until July 25, 2018. R.C. 5301.25(A) provides that all deeds shall be recorded, and "until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed * * *." "An unrecorded deed is unenforceable against a subsequent bona fide purchaser without actual knowledge." *Montgomery Co. Treasurer v. Gray*, 2nd Dist. Montgomery No. 20254, 2004-Ohio-2729, citing *Tiller v. Hinton*, 19 Ohio St.3d 66, 482 N.E.2d 946 (1985); *Emrick v. Multicon Builders, Inc.*, 57 Ohio St.3d 107, 566 N.E.2d 1189 (1991) (unrecorded restrictions are not enforceable unless purchaser had actual knowledge); *Colonial Guild, Ltd. v. Pruitt,* 9th Dist. Lorain No. 00CA007696, 2001 WL 324377 (April 4, 2001) (unrecorded deed may be a valid transfer between the parties, it is not valid as to a third-party who was not a party to the transfer). There is no dispute that appellee did not have actual knowledge of the deed until it was recorded.

{¶32} Based upon the foregoing, we find the transfer to the Rummells occurred, for purposes of Revised Code Chapter 1336 and as to appellee, on July 25, 2018. Accordingly, the trial court did not commit error in finding appellee's claim as to the property transferred to the Rummells was not barred by the statute of limitations.

*Actual Intent*

{¶33} Second, appellants argue there is a genuine issue of material fact as to whether appellants had actual intent to hinder, delay, or defraud appellee as required by R.C. 1336.04(A)(1). Appellants contend their subjective intent is shown by their affidavits that provide they had no actual intent to hinder, delay, or defraud appellee by transferring each parcel.

**{¶34}**  R.C. 1336.04 allows a creditor to establish a claim for fraudulent transfer in two ways. First, R.C. 1336.04(A)(1) requires a showing that the debtor had actual intent to commit fraud in the transfer of an asset.  Pursuant to R.C. 1336.04(A)(1), a creditor must show: (1) a conveyance or incurring of a debt; (2) made with actual intent to defraud, hinder, or delay; (3) present or future creditors.  *Swank v. Swank*, 5th Dist. Richland No. 07 CA 0061, 2008-Ohio-3997.

**{¶35}**  Ohio has recognized that proof of actual intent will often be impossible to show.  *Dyne v. Cortez*, 5th Dist. Perry No. 14-CA-00030, 2015-Ohio-3070.  Thus, intent to defraud may be established by circumstantial evidence.  *Colonial Guild, Ltd. v. Pruitt*, 9th Dist. Lorain No. 00CA007696, 2001 WL 324377 (April 4, 2001).  The creditor has the burden of proving, by clear and convincing evidence, the debtor's intent pursuant to R.C. 1336.04(A)(1).  *Swank v. Swank*, 5th Dist. Richland No. 07 CA 0061, 2008-Ohio-3997. The creditor may establish a debtor's actual intent under R.C. 1336.04(A)(1) if the circumstances underlying the transfer demonstrate "badges of fraud."  *Id.* If a party alleging the fraud is able to demonstrate a sufficient number of badges of fraud, an inference or presumption of actual fraud arises and the burden of proof then shifts to the transferee to offer proof that the transfer was not fraudulent.  *Dyne v. Cortez*, 5th Dist. Perry No. 14-CA-00030, 2015-Ohio-3070.

**{¶36}**  While the existence of one or more of the badges does not constitute fraud per se, a complaining party is not required to demonstrate the presence of all badges of fraud.  *Dyne v. Cortez*, 5th Dist. Perry No. 14-CA-00030, 2015-Ohio-3070.  As few as three badges of fraud have been held to constitute clear and convincing evidence of

actual fraudulent intent. *Id; Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358 (6th Dist. Huron).

**{¶37}** R.C. 1336.04(B) sets forth several of the well-established badges of fraud. The badges of fraud that are pertinent to this case include the following:

(1) Whether the transfer or obligation was to an insider;

(2) Whether the debtor retained possession or control of the property transferred after the transfer;

(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;

(5) Whether the transfer was of substantially all of the assets of the debtor;

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

**{¶38}** In this case, the record contains at least five badges of fraud for each transaction. All of the transfers were made to statutorily-defined insiders, as the Rummells and Charles are relatives of the debtor. R.C. 1336.01(G)(1)(a). Further, each of the transfers was made when Daniel and Dora had been sued. The transfers to Charles occurred one month after Daniel pled guilty in federal court to filing a false income tax return. Next, the real estate transfers represented substantially all of the assets of

Dora and Daniel, as Dora testified there was "nothing left * * * we spent it on real estate." As detailed below, there was no reasonably equivalent value for any of the transfers.

**{¶39}** As to the transfers to Charles, the transfers occurred shortly before the judgment was rendered in 16-CV-335, and after Daniel pled guilty to a federal charge. As to the Rummell property, Dora testified that, post-transfer, she and Daniel lived on the property, did not pay rent, and continued to pay real estate taxes on the property. Thus, the debtor retained control or possession of the property transferred after the transfer.

**{¶40}** After the badges of fraud are established, the burden shifts to the debtor to offer proof that the transfers were not fraudulent. Appellants submitted affidavits stating the transfers were not made with actual intent to defraud. However, the affidavits submitted by appellants contain only conclusory assertions, which are insufficient to meet their burden. *Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358 (6th Dist. Huron) (debtor affidavit stating transfers not made with intent to defraud was insufficient to demonstrate a lack of genuine issue of material fact); *Colonial Guild, Ltd. v. Pruitt*, 9th Dist. Lorain No. 00CA007696, 2001 WL 324377 (April 4, 2001) (affidavit stating deeds were not transferred with actual intent to defraud is not sufficient to meet the debtor's burden).

**{¶41}** In this case, we find the conclusory and self-serving affidavits are not corroborated by any evidence, and are not sufficient to establish the existence of an issue of material fact. *Patterson v. Licking Township*, 5th Dist. Licking No. 17-CA-3, 2017-Ohio-5803; *Wischt v. Heirs of Mourer*, 5th Dist. Guernsey No. 17 CA 8, 2017-Ohio-8236.

*Constructive Fraud*

{¶42} Third, appellants contend the trial court committed error in granting summary judgment pursuant to R.C. 1336.04(A)(2). R.C. 1336.04(A)(2) is an alternative method of establishing a fraudulent transfer separate from R.C. 1336.04(A)(1)'s requirement of actual intent to defraud. "In contrast to claims involving an actual intent to commit fraud in an asset transfer, R.C. 1336.04(A)(2) permits claims for constructive fraud against future creditors. *Swank v. Swank*, 5th Dist. Richland No. 07 CA 0061, 2008-Ohio-3997, quoting *Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358 (6th Dist. Huron). "Constructive fraud focuses on the effect of the transaction and may exist even where the debtor has no actual intent to commit fraud." *Id.* The relevant portion of R.C. 1336.04(A)(2) provides a transfer is fraudulent if the debtor made the transfer or incurred the obligation:

(2) Without receiving reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

(a) The debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

(b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

{¶43} Appellants do not dispute that either (a) or (b) applies. Further, when asked where her and Daniel's assets went, Dora testified "we bought those houses" and "real

estate." Counsel then asked how much of their assets were left, and Dora stated, "there's nothing left * * * we spent it on real estate."

**{¶44}** However, appellants contend there is a genuine issue of material fact as to whether Dora and Daniel received reasonably equivalent value in exchange for the transfers because of their affidavits stating they exchanged reasonably equivalent value for each transfer "in the form of fulfilling [their] wish to help their children buy a home." "To determine if the value was reasonably equivalent value, the court compares the value of what was transferred against the value of what was received." *In re Hrivnak*, N.D. Ohio No. 16-15564, 2018 WL 1115204 (Feb. 27, 2018).

**{¶45}** "The standard for reasonably equivalent value requires the debtor to have received either a direct or indirect economic benefit." *In re Empire Interiors, Inc.*, 248 B.R. 305 (Bankr. N.D. Ohio 2000). Further, "the value received must be tangible; non-economic, intangible, or psychological benefits are insufficient to constitute reasonably equivalent value for constructive fraud purposes." *In re Hrivnak,* N.D. Ohio No. 16-15564, 2018 WL 1115204 (Feb. 27, 2018); *In re Bargfrede*, 117 F.3d 1078 (8th Cir. 1997); *In re Wilkinson*, 196 Fed.Appx. 337 (6th Cir. 2006); *In re Martin*, Bankr. N.D. Ohio No. 19-30310, 2021 WL 150446 (reasonably equivalent value does not include emotional and non-economic benefits); *In re Nat. Century Financial Enterprises, Inc.*, 341 B.R. 198 (S.D. Ohio 2006) (promise of continued business is not reasonably equivalent value).

**{¶46}** In this case, even if we consider the affidavits submitted by appellants, we find there is no genuine issue of material fact as to reasonably equivalent value. We first note that while the affidavits stated Dora and Daniel wished to help their children "buy" a home, neither the Rummells nor Charles "bought" any of the properties. Dora testified

that she and Daniel "gave" their children each of the properties "as gifts." The statement of reason for exemption from real property conveyance fee filed with each property states they are exempt because the conveyance was "a gift, in any form, between husband and wife, or parent and child, or the spouse of either."

**{¶47}** Fulfilling a "wish" is not tangible, concrete, or identifiable. *In re Hrivnak,* N.D. Ohio No. 16-15564, 2018 WL 1115204 (Feb. 27, 2018) (testimony that mother would appreciate her son being able to have her house was not concreate or identifiable, so is not reasonably equivalent value); *In re Leonard*, 454 B.R. 444 (parents' promise to pay for college and "piece of mind" of paying son's tuition was not tangible, not concrete, and not quantifiable). Dora and Daniel received no direct or indirect economic benefit in exchange for any of the transfers. Accordingly, there is no genuine issue of material fact as to reasonably equivalent value.

**{¶48}** Appellants contend value is not limited to monetary consideration and cites the *Carmack* case in support of their argument. *Individual Business Servs. v. Carmack*, 2nd Dist. Montgomery No. 24085, 2011-Ohio-1824. In *Carmack,* the debtors allegedly transferred loans and/or interests in property obtained on behalf of the corporation to their child. *Id.* However, we find the *Carmack* case distinguishable from the instant case because, in that case, the child had signed a mortgage loan agreement with a bank. The court found a genuine issue of material fact as to reasonably equivalent value because the child was legally obligated to make payments to the bank. *Id.* In this case, there is no evidence that either the Rummells or Charles signed a mortgage they were legally obligated to pay.

**{¶49}** We find there is no genuine issue of material fact as to reasonably equivalent value. Accordingly, the trial court did not commit error in granting summary judgment to appellee on the basis of constructive fraud pursuant to R.C. 1336.04(A)(2) as an alternative to the finding of actual intent in R.C. 1336.04(A)(1).

**{¶50}** Appellants' second assignment of error is overruled.

III.

**{¶51}** In appellants' third assignment of error, they contend the trial court committed error in denying their Civil Rule 56(F) motion to continue and their motion to stay pending the resolution of Case No. 16-CV-335.

**{¶52}** Civil Rule 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment in order to conduct discovery relevant to the motion. *TPI Asset Mgmt., L.L.C. v. Baxter*, 5th Dist. Know No. 2011CA000007, 2011-Ohio-5584. Civil Rule 56(F) requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why he or she cannot present by affidavit facts sufficient to justify its opposition. *Id; Bragg v. GFS Marketplace*, 5th Dist. Stark No. 2018CA00006, 2018-Ohio-3781. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and the reasons given why it cannot present facts essential to its opposition of the motion." *Id.*, quoting *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 392 N.E.2d 1316 (8th Dist. 1978).

**{¶53}** The decision whether to grant a motion for extension of time in order to conduct discovery lies within the broad discretion of the trial court and will be reversed on

appeal only for an abuse of discretion. *Id.* An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). A trial court does not abuse its discretion in denying a request for continuance in order to respond to a motion for summary judgment where the party seeking the continuance "did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 392 N.E.2d 1316 (8th Dist. 1978).

{¶54} We find no abuse of discretion in the trial court's denial of appellants' Civil Rule 56(F) motion. *McCord v. Ron Layman Trucking Co.*, 5th Dist. Knox No. 04CA000033, 2005-Ohio-4399; *TP Asset Management, LLC v. Baxter*, 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584. Each appellant executed the same affidavit, stating the motion was for legitimate reasons, and the extension would allow them to conduct discovery. However, in their affidavits, appellants fail to identify the subject, topic, or information needed in discovery. The affidavits did not contain a factual basis for the motion, or contain the reasons why appellants could not present facts essential to the opposition to their motion. As this Court has previously held, mere allegations requesting a continuance for discovery are not sufficient. *Id.*

{¶55} Appellants additionally contend the trial court abused its discretion in denying their motion to stay. Appellants filed a motion to stay this case pending the resolution of Case No. 16-CV-335 and any associated appeals. The decision whether or not to order a stay of proceedings is within the court's inherent discretion. *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 1998-Ohio-431, 691 N.E.2d 282.

**{¶56}** We find no abuse of discretion in the trial court's denial of the motion to stay. We note this Court denied a similar motion to stay. In the motion to stay before this Court, appellants requested a stay of this case pending the resolution of Case No. 16-CV-335 and associated appeals. We denied the motion via judgment entry on April 10, 2023. Further, as noted by appellees, while 16-CV-335 will affect whether appellee has a judgment to execute on, the relief requested by appellee in this case, i.e., the real estate remaining in Daniel and Dora's names, is appropriate until the final adjudication of 16-CV-335 and any associated appeals.

**{¶57}** Appellants' third assignment of error is overruled.

{¶58} Based on the foregoing, appellants' assignments of error are overruled.

The judgment entries of the Guernsey County Court of Common Pleas are affirmed.


By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur