[Cite as *Norton v. Ray*, 2017-Ohio-7345.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

TIFFANY D. NORTON            :
                            :
        Plaintiff-Appellee   :    C.A. CASE NO. 2017-CA-27
                            :
v.                          :    T.C. NO. 14-DR-147
                            :
DOUGLAS RAY                  :    (Civil Appeal from Common Pleas
                            :     Court, Domestic Relations)
        Defendant-Appellant  :
                            :
        . . . . . . . . . .

**O P I N I O N**

Rendered on the ___25th___ day of _____August_____, 2017.

. . . . . . . . . .

RONALD R. PETROFF, Atty. Reg. No. 0081267 and MICHELLE J. ASKINS, Atty. Reg.
No. 0090517, 140 East Town Street, Suite 1070, Columbus, Ohio 43215
        Attorneys for Plaintiff-Appellee

ANDREW C. PALMER, Atty. Reg. No. 0090611, 4031 Colonel Glenn Highway, 1st floor,
Beavercreek, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Douglas Ray appeals from a judgment of the Clark County Court of Common

Pleas, Domestic Relations Division, which granted Tiffany D. Norton's motion to terminate

shared parenting and designated Norton as the residential and custodial parent of the

parties' child. Ray asserts that he was not properly served with notice of the hearing at which the court heard evidence on this issue. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} The parties were divorced in January 2015, at which time they agreed to shared parenting of their daughter, who was then three years old. In May 2016, Norton filed a motion to terminate shared parenting or, in the alternative, to modify parental rights and responsibilities, and to modify child support. Attorneys Kyle Lennen and Jon Paul Rion filed a notice of appearance in the case in June 2016 on Ray's behalf. In July 2016, Ray filed a similar motion for termination of shared parenting and custody of the child. In August 2016, Norton also filed a motion for attorney fees.

{¶ 3} On September 22, 2016, the trial court scheduled a final pretrial for December 27 and a final evidentiary hearing for January 12, 2017. Notice of this hearing was sent to Ray's attorney, Jon Paul Rion, Norton's attorney, and the guardian ad litem. On October 14, 2016, Norton filed a motion to show cause why Ray should not be held in contempt for failure to pay child support. The trial court attempted service by certified mail and personal service by the sheriff, ordering Ray to appear at the hearing on January 12, 2017, and show cause why he should not be held in contempt. Neither form of service was successful, and the parties do not dispute that service of the motion for contempt was never obtained.

{¶ 4} On November 4, 2016, Kyle Lennen and Jon Paul Rion filed a motion to withdraw as counsel for Ray, citing "a fundamental breakdown between client and attorney." The certificate of service on this filing indicated that it was sent to opposing counsel. The trial court granted the motion to withdraw on November 8; the entry was

signed by Ray's attorney, but does not indicate any other service.

{¶ 5} On January 12, 2017, the trial court proceeded with the hearing. Ray did not appear, and no attorney appeared on his behalf. At the beginning of the hearing, Norton acknowledged that she had not obtained service of her motion to hold Ray in contempt, and she voluntarily dismissed that motion.

{¶ 6} Norton was the only witness to testify at the hearing. Norton testified that Ray refused to cooperate with her on issues related to shared parenting, that he engaged in "online activity with women and girls," that he had been "sexually explicit with underage females," that she was concerned about Ray's mental health and about the safety of her daughter when the daughter was with Ray, that Ray was "violent" with Norton's fiancé at some of the exchanges of the child, that Ray had not paid child support consistently and had not paid any support in more than five months, and that Ray had been "dodging service."

{¶ 7} Following the presentation of evidence, the trial court stated that Ray's "lack of meaningful involvement in this case [was] concerning to the Court." The court found that the parties did not effectively communicate and that it was in the child's best interest to grant Norton's motion to terminate shared parenting and to name Norton the residential and custodial parent. The court did not establish a specific visitation schedule for Ray, due to his lack of participation in the hearing, but it also did not deny him all visitation (as Norton had requested); the court instructed Norton to use her discretion in working out visitation with Ray. The court denied Norton's request for a modification of child support, because no evidence of any change in Ray's income had been presented. The court also denied Norton's request for attorney fees and Ray's motions for custody of the child

and for modification of child support.

{¶ 8} In its judgment filed on February 13, 2017, the trial court reiterated many of the findings it stated at the hearing. It further found that "Defendant Douglas Ray was duly served with summons but failed to appear."

{¶ 9} Ray appeals from the trial court's judgment. He raises one assignment of error, in which he argues that the trial court abused its discretion and committed plain error when it found that he had been properly notified of the time and date of the hearing.

{¶ 10} Civ.R. 5(A) governs service and filing of pleadings and other papers subsequent to the original complaint and requires that "every order required by its terms to be served," and "every written notice," among other papers, "subsequent to the original complaint * * * be served upon each of the parties." "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Civ.R. 5(B)(1). Service may be accomplished in a number of ways, including by hand delivery, United States mail, commercial carrier service, or e-mail. Civ.R. 5(B)(2)(a), (c), (d), and (f).

{¶ 11} It is undisputed that Ray's attorneys were served with notice of the January 2017 hearing date in September 2016, and that Ray was still represented by the attorneys at that time. (Counsel withdrew in November 2016.) Therefore, service of the notice of the hearing was proper.

{¶ 12} There is no question that Ray's attorneys had notice of the proceedings in this case; counsel appeared and filed motions on his behalf. His argument is that counsel's knowledge of the proceedings – and specifically of the date of the hearing -- should not have been imputed to him, especially after his attorneys withdrew from their

representation.

**{¶ 13}** The fact that Ray's attorneys, not Ray himself, received notices from the court and/or opposing counsel while he was represented by counsel is not itself evidence of a due process violation or non-compliance with Civ.R. 4.1 (methods of service), as Ray suggests. As noted above, pursuant to Civ.R. 5(B)(1), service must be made on a party's attorney in the absence of other instructions from the court.

**{¶ 14}** A court of appeals reviews the trial court record and determines if the trial court erred. Ray's allegation on appeal is that the trial court erred by proceeding with the January 2017 hearing, because he did not know of that hearing.

**{¶ 15}** Ray acknowledges in his brief that a presumption of proper service exists and that it can be rebutted with sufficient evidence that service was not accomplished. He cites *In re Babbs*, 10th Dist. Franklin No. 03AP-1011, 2004-Ohio-583, for the proposition that notice must be of such a nature to convey the required information. *Babbs'* history is convoluted, but the case involved a termination of parental custody after a hearing at which the mother did not appear. The mother filed a Civ.R. 60(B) motion and testified at the hearing, without contradiction, that she received a notice to go to what proved to be a non-existent courtroom on a different floor of the courthouse and therefore was not at the hearing. The appellate court found, on those facts, that she did not receive fair notice, and it reversed and remanded the trial court's judgment.

**{¶ 16}** Unlike the mother in *Babbs*, Ray presented no evidence in the trial court that he was unaware of the hearing. If such evidence exists, he may be entitled to Civ.R. 60(B) relief in the trial court.

**{¶ 17}** We also note that, under the Ohio Rules of Professional Conduct, an

attorney who terminates representation of a client is required to take steps to protect the client's interest, including giving reasonable notice to the client to allow him or her to obtain other counsel and delivering to the client all papers and property to which the client is entitled, including correspondence, pleadings, and other items reasonably necessary to the client's representation. Prof.Cond.R. 1.16(d). In reviewing the trial court's judgment, we cannot presume that Ray's attorney violated this rule or, more generally, that Ray did not receive service. Ray has failed to present such evidence.

{¶ 18} We do not disagree with Ray's assertions that the evidence heard by the trial court was "single sided," that Norton's allegations against Ray were "extreme," and that Ray did not get "to voice his objections" to this testimony. However, the record simply does not support Ray's claim that his failure to attend the hearing and to avail himself of the opportunity to refute Norton's claims was attributable to a lack of notice of the hearing.

{¶ 19} At oral argument, Ray contended that there is currently no visitation and he can only see the child at the "whim" of Norton. We have no way of knowing if this is correct, but nothing prevents Ray from seeking appropriate relief from the trial court if he finds unreasonable either the amount of visitation or the circumstances under which it is allowed. The trial court expressly informed Norton at the hearing that if she were unreasonable in accommodating visitation, Ray would be permitted to bring the matter back before the court.

{¶ 20} The assignment of error is overruled.

{¶ 21} The allegations in Norton's brief that Ray did not communicate with the guardian ad litem despite the guardian ad litem's repeated attempts to contact him are

not reflected in the record. Further, Norton's ad hominem conclusion that Ray "has no respect for [the trial court's] authority or the orders it issues" is without support in this record. Norton's request for "an order of attorney's fees for the costs associated with the litigation of this matter" should have been made, if at all, by separate motion, pursuant to App.R. 23. *Cicchini v. Crew*, 8th Dist. Cuyahoga Nos. 74009 and 76954, 2000 WL 1876397 (Dec. 11, 2000). Regardless, it is denied.

**{¶ 22}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Ronald R. Petroff
Michelle J. Askins
Andrew C. Palmer
Hon. Thomas J. Capper