[Cite as *Guernsey Cty. Community Dev. Corp. v. Speedy*, 2023-Ohio-1026.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GUERNSEY COUNTY COMMUNITY DEVELOPMENT CORPORATION | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | |
| DANIEL L. SPEEDY, ET AL. | : | Case No. 22-CA-18 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 16-CV-335

JUDGMENT:                       Dismissed

DATE OF JUDGMENT:               March 28, 2023

APPEARANCES:

For Plaintiff-Appellee                          For Defendants-Appellants

ERIK A. SCHRAMM, SR.                            BRADLEY JECKERING
KYLE W. BICKFORD                                DALIA G. SAFADI
46457 National Road West                        16 South Main Street
St. Clairsville, OH  43950                      Mechanicsburg, OH  43044

For Plaintiff-Intervenor Ohio Attorney General

THADDIUS A. TOWNSEND
LANCE CROFFOOT-SUEDE
30 East Broad Street, 25th Floor
Columbus, OH  43215

*King, J.*

{¶ 1}   Defendants-Appellants, Daniel L. Speedy, Dora Speedy, One Percent, LLC, and Monster Management, LLC, appeal the June 1, 2022 judgment entry of the Court of Common Pleas of Guernsey County, Ohio, granting a partial motion for summary judgment filed by Plaintiff-Appellee, Guernsey County Community Development Corporation ("GCCDC"). Intervening plaintiff is the Ohio Attorney General. We dismiss the appeal.

{¶ 2}   At the outset, we will address the issue of whether there is a final appealable order before this court.

{¶ 3}   Here the court is presented with a multi-party, multi-claim action that was the subject of two voluntary dismissals, one filed by GCCDC and one filed by the intervening plaintiff, and a partial summary judgment in favor of GCCDC. Appellants, who are the subject of the adverse judgment, seek to appeal. In order for this court to have jurisdiction, there must be a final appealable order before the court. *State v. Craig,* 159 Ohio St.3d 398, 401, 2020-Ohio-455, 151 N.E.3d 574; Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2953.02. Because the voluntary dismissals at issue here are without prejudice, there is no final appealable order. Accordingly, the court dismisses this matter for lack of jurisdiction.

{¶ 4}   On February 2, 2018, GCCDC filed its multi-claim complaint against fifteen defendants, including individuals, corporations, and government officers. The claims asserted by GCCDC in its amended complaint are as follows: declaratory judgment (claim one), civil conspiracy and RICO (claim two), breach of fiduciary duty, breach of contract,

and fraud (claim three), breach of fiduciary duty, self-dealing, conversion, fraud, and negligence (claim four), and replevin (claim five).

{¶ 5} GCCDC broke the fourth claim into several broad claims that involved either the transfer of over eleven million dollars through one of the defendant's IOLTA (trust account), oil and gas leases and royalties, the purchase and misuse of personal property, the fraudulent and improper conveyances of real property, or the purchase of annuities with GCCDC funds.

{¶ 6} In the amended complaint's prayer for relief, GCCDC requested several types of relief: a declaratory judgment, replevin, compensatory and punitive damages, disgorgement of certain assets, and attorney fees. The prayer for compensatory and punitive damages, disgorgement, and attorney fees were related to claims two, three, and four.

{¶ 7} On March 2, 2018, appellants filed an answer and three counterclaims against GCCDC.

{¶ 8} GCCDC reached settlement with ten defendants and dismissed eleven defendants in the action. This left appellants Daniel Speedy, Dora Speedy, One Percent, LLC, and Monster Management, LLC as the only defendants against whom GCCDC filed its motion for partial summary judgment. Daniel Speedy and Monster Management, LLC were defendants to all five claims of the amended complaint. Dora Speedy and One Percent, LLC were defendants to only claims four and five of the amended complaint.

{¶ 9} On March 13, 2022, GCCDC appeared to move for partial summary judgment only on claim two and parts of claims three and four. *See* Plaintiff's Motion for Partial Summary Judgment at 3. GCCDC also asserted it was not moving for summary

judgment on "(1) the purchase and/or retention of equipment, (2) the purchase and early withdrawal of annuities, and (3) the use of GCCDC assets for personal ventures." *Id.* at fn. 1.

{¶ 10} Later in the motion, GCCDC stated it was seeking summary judgment as follows: "1.) Judgment as a matter of law as to the claims set forth in the Counterclaim; 2.) Judgment as a matter of law the Consulting Period Release Agreement is void and of no force and effect (sic); 3.) Judgment as a matter of law as to the Speedy Defendants' breach of fiduciary duty, conversion, breach of contract, civil RICO, and civil conspiracy; and 4.) Damages as follows, against Defendants Daniel Speedy, Dora Speedy, Monster Management, LLC, and One Percent, LLC, jointly and severally, in the total amount of $1,031,733.40." *Id.* at 31-32.

{¶ 11} GCCDC failed to include in its motion any reference to its claims regarding negligence, fraud, self-dealing (counts three and four), and replevin (count five).

{¶ 12} The trial court adopted that section from GCCDC's motion nearly verbatim in its June 1, 2022 order granting partial summary judgment. Accordingly, this entry left parts of counts three and four and count five pending before the court. The trial court did not certify there was no just cause for delay in its entry.

{¶ 13} On June 10, 2022, GCCDC filed a notice of dismissal without prejudice. On June 13, 2022, the trial court memorialized GCCDC's dismissal without prejudice and included in its entry there was no just cause for delay. On June 16, 2022, the Attorney General, who was Plaintiff-Intervenor, filed a notice of dismissal without prejudice under Civ. R. 41(A)(1)(a). On June 17, 2022, the trial court memorialized the Attorney General's dismissal without prejudice and included in its entry there was no just cause for delay.

{¶ 14} On June 23, 2022, appellants filed a notice of appeal. Appellants assigned three errors, and the matter was briefed by appellants and GCCDC. Oral arguments were heard on March 14, 2023. The issue of whether this was a final appealable order was argued by the parties, and the parties argued the case on the merits.

{¶ 15} The court now turns to the impact of the two voluntary dismissals on this appeal. A voluntary dismissal under Civ.R. 41(A)(1) operates to deprive both the trial and appellate courts to hear anything further related to that action. *DeWalt v. Tuscarawas County Health Department,* 5th Dist. Tuscarawas No. 2012 AP 05 0031, 2012-Ohio-5294, ¶ 28-30. Moreover, a voluntary dismissal under Civ. R. 41(A)(1) is self-executing. *Id.* at ¶ 28.

{¶ 16} As applied to this matter, the Attorney General's notice of dismissal was immediately effective when filed on June 16, 2022. This dismissal deprived the trial court of jurisdiction; thus, the court's certification under Civ. R. 54(B) had no consequence. Likewise, this court does not have jurisdiction over the matter related to the Attorney General's dismissal. The end result is the Attorney General's dismissal renders his case like it never happened. *Id.*

{¶ 17} Although the court would have no jurisdiction over an appeal involving the Attorney General's claims, the court must also review GCCDC's notice of dismissal to determine whether there is jurisdiction.

{¶ 18} GCCDC's filing was styled as a "Notice of Dismissal," but we note the text of the filing is inconsistent with that heading. GCCDC purported to voluntarily dismiss "all remaining claims in Plaintiff's First Amended Complaint without prejudice."

{¶ 19} Civ.R. 41(A)(1) permits a plaintiff to dismiss only the entire action. *Pattison v. W.W. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 18-20. A plaintiff may not create a final appealable order by dismissing select claims against the defendant; it is an all or nothing proposition. *Id.* Thus, GCCDC cannot use Civ.R. 41(A)(1) to create a final appealable order.

{¶ 20} It seems that perhaps the trial court recognized this incongruency and treated GCCDC's notice as if it was a motion under Civ.R. 41(A)(2) to voluntarily dismiss the remaining claims without prejudice. However, we conclude neither is this a final appealable order. *Huntington National Bank v. Molinari,* 6th Dist. Lucas No. L-11-1223, 2012-Ohio-4993, ¶ 25. So long as the dismissal is without prejudice, there is not a final appealable order under Civ. R. 41(A). *See Grainger, supra.*

{¶ 21} Further, the trial court's mere use of the Civ.R. 54(B) language did not convert the entire action into a final appealable order. *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St. 3d 352, 354, 617 N.E.2d 1136 (1993). Because the dismissal here was without prejudice, it was not a final appealable order. And a Civ.R. 54(B) certification cannot be a substitute for that jurisdictional requirement.

{¶ 22} In contrast, a dismissal with prejudice of select claims can create a final appealable order. *See Luehrman v. Verma,* 10th Dist. Franklin No. 12AP-1024, 2014-Ohio-3335, ¶ 24; *Groen v. Children's Hospital Medical Center,* 2012-Ohio-2815, 972 N.E.2d 648, ¶ 17, (1st Dist.). But that was not the case here and this court lacks jurisdiction to proceed to the merits.

{¶ 23} Upon review, we find we do not have jurisdiction to review the merits of this matter. The appeal is dismissed.

By King, J.

Wise, J. and

Baldwin, J. concur.


AJK/db