COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GUERNSEY COUNTY COMMUNITY DEVELOPMENT CORPORATION | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 23CA13 |
| | : | |
| DANIEL L. SPEEDY, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court
                             of Common Pleas, Case No. 16CV335


JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      March 20, 2024

APPEARANCES:

For Plaintiff-Appellee:                For Defendants-Appellants:

ERIK A. SCHRAMM, SR.                   BRADLEY N. JECKERING
KYLE W. BICKFORD                       DALIA G. SAFADI
HANLON, MCCORMICK, SCHRAMM,            JECKERING & ASSOCIATES, LLC
BICKFORD & SCHRAMM CO., L.P.A.         16 S. Main St.
46457 National Road West               Mechanicsburg, OH 43044
St. Clairsville, OH 43950


For Plaintiff-Intervenor Ohio Attorney General:

THADDEUS  A.  TOWNSEND
LANCE  CROFFOOT-SUEDE
OHIO ATTORNEY GENERAL
30 E. Broad St., 25th Floor
Columbus, OH 43215

*Delaney, J.*

{¶1} Defendants-Appellants Daniel L. Speedy, Dora Speedy, One Percent, LLC, and Monster Management, LLC appeal from the April 21, 2023 order of the Guernsey County Court of Common Pleas dismissing all remaining claims in the First Amended Complaint with prejudice and granting partial summary judgment for Plaintiff-Appellee Guernsey County Community Development Corporation ("GCCDC").

## FACTS AND PROCEDURAL HISTORY

{¶2} The following facts are adduced from the parties' Civ.R. 56 evidence.

{¶3} Appellants Daniel and Dora Speedy are married. For ease of reading they will be referred to as "Daniel" and "Dora." At times, Daniel operated through a limited liability company formed by Attorney David K. Schaffner, appellant Monster Management, LLC ("Monster"). Schaffner also drafted and filed articles of organization for, e.g., Whispering Pines, LLC ("Whispering Pines").

{¶4} Whispering Pines is an Ohio limited liability company; the members are Schaffner, Daniel, and Christopher Bower.

{¶5} Daniel is the former executive director of the GCCDC; Schaffner served as counsel for the GCCDC from 2010 until 2015. Bower is an engineer who provided services to the GCCDC and was employed by Diversified Engineering. Schaffner engaged Diversified Engineering to perform numerous projects for the GCCDC, including surveying and mapping projects.

{¶6} Bower testified the purpose of Whispering Pines was to "steer" landowners to lease their oil and gas rights with Patriot Land Company ("Patriot"), after which Patriot would pay a "sales commission" to Whispering Pines and its members. Bower alleged

the members of Whispering Pines directed GCCDC acreage to Patriot to reap a windfall through oil and gas leasing; the windfall included Patriot "flipping" and assigning leases with GCCDC acreage to oil and gas operators such as Gulfport Energy Corporation. The First Amended Complaint identified specific oil and gas assignments from the GCCDC and Patriot to Whispering Pines, involving GCCDC real estate.

{¶7} Whispering Pines admitted receipt of consideration via self-dealing transactions involving the GCCDC's assets; appellee alleged the only reason for Daniel, Schaffner, and Bower to "steer" GCCDC acreage to Patriot was to ensure their own receipt of "sales commissions" when the leases were flipped to other operators.

{¶8} Appellee asserted Whispering Pines benefited from leasing landowners like GCCDC to a low royalty and signing bonus to ensure greater commissions when the leases were sold and assigned to Gulfport. GCCDC could have secured more favorable lease terms by directly leasing with entities such as Gulfport Energy Corporation, Eclipse Resources, or Antero Resources.

{¶9} Schaffner also formed Synergy, LLC with Daniel, Bower, Gerald Leister, and Steve C. Allen.

{¶10} The following summary of the relevant case history of this complex litigation is drawn in part from our opinion at *Guernsey Cnty. Community Dev. Corp. v. Speedy*, 5th Dist. Guernsey No. 22-CA-18, 2023-Ohio-1026, ¶ 4-13.

*The complaint and GCCDC's motion for partial summary judgment*

{¶11} On February 2, 2018, GCCDC filed a multi-claim complaint against fifteen defendants, including individuals, corporations, and government officers. The claims asserted by GCCDC in its amended complaint are as follows: declaratory judgment (claim

one), civil conspiracy and RICO (claim two), breach of fiduciary duty, breach of contract, and fraud (claim three), breach of fiduciary duty, self-dealing, conversion, fraud, and negligence (claim four), and replevin (claim five).

{¶12} GCCDC broke the fourth claim into several broad claims that involved either the transfer of over eleven million dollars through one of the defendant's IOLTA (trust account), oil and gas leases and royalties, the purchase and misuse of personal property, the fraudulent and improper conveyances of real property, or the purchase of annuities with GCCDC funds.

{¶13} In the amended complaint's prayer for relief, GCCDC requested several types of relief: a declaratory judgment, replevin, compensatory and punitive damages, disgorgement of certain assets, and attorney fees. The prayer for compensatory and punitive damages, disgorgement, and attorney fees were related to claims two, three, and four.

{¶14} On March 2, 2018, appellants filed an answer and three counterclaims against GCCDC, including a counterclaim for declaratory judgment related to a document entitled "Consulting Period Release Agreement."

{¶15} GCCDC reached settlement with ten defendants and dismissed eleven defendants in the action.

{¶16} This left appellants Daniel Speedy, Dora Speedy, One Percent, LLC, and Monster Management, LLC as the only defendants against whom GCCDC filed its motion for partial summary judgment. Daniel Speedy and Monster Management, LLC were defendants to all five claims of the amended complaint. Dora Speedy and One Percent, LLC were defendants to only claims four and five of the amended complaint.

*Additional procedural issues: withdrawal of Attorney Lundholm and motion for stay*

{¶17} Attorney J. Kevin Lundholm represented appellants Daniel Speedy, One Percent, LLC, and Monster Management, LLC from the inception of the litigation, and eventually represented Dora Speedy as well. On March 9, 2022, Attorney Lundholm filed a motion to withdraw as counsel, citing a "fundamental disagreement on the future action to be taken in this litigation."

{¶18} On March 15, 2022, the trial court granted Attorney Lundholm's motion to withdraw and ordered appellants to retain new counsel within ten days.

{¶19} On April 11, 2022, Daniel Speedy filed a motion for extension of time pursuant to Civ.R. 56(F) requesting an extension of time "to depose at least 18 individuals, and get affidavits from many others."

{¶20} On April 13, 2022, Dora Speedy filed a motion for extension of time.

{¶21} The trial court extended Daniel and Dora's time to retain new counsel to April 25, 2022.

{¶22} GCCDC filed a memorandum in response noting no objection was raised to an extension of time to respond to the motion for partial summary judgment. GCCDC did object to an extension of any other scheduled dates.

{¶23} On May 6, 2022, intervening plaintiff Ohio Attorney General and appellant Daniel Speedy filed an agreed motion for stay and for preliminary injunction to stay the action pending the outcome of Daniel Speedy's criminal case.[1]

---

[1] On December 1, 2021, Daniel pled guilty in the U.S. District Court for the Southern District of Ohio to the charge of filing a false tax return by failing to report over one million dollars in income for tax year 2014.

{¶24} On June 1, 2022, the trial court filed an Order granting the motion for preliminary injunction and overruling the motion for stay. Relevant to issues in the instant appeal arising from Attorney Lundholm's withdrawal and appellants' subsequent motions for extension and the stay, the trial court's Order states the following:

> \* \* \* \*.
>
> As to the Agreed Motion for Stay, this Court finds that Defendant Daniel L. Speedy has been a party in the case at bar since September 2016. Throughout the course of these proceedings, the Defendant has failed to comply with discovery requests necessitating a Motion to Compel filed April 17, 2017 and an Order granting the same on May 23, 2017. Defendant Speedy has gifted substantial real estate assets to his children during this case and after entering a plea of guilty to a felony count of filing a false tax return in the United States District Court on December 15, 2021.
>
> This Court's Scheduling Order, filed August 23, 2021, established a Dispositive Motion deadline of March 19, 2022, and a two (2) week Jury Trial commencing July 19, 2022. On November 29, 2021, the Scheduling Order was amended to add a Final Status Conference on May 19, 2022 at 11:00 a.m.
>
> On March 15, 2022, the Defendant's attorney, J. Kevin Lundholm, was granted permission to withdraw from this litigation and the Defendant was ordered to secure new counsel by March 25, 2022, or be prepared to proceed unrepresented. No Notice of

Appearance was filed. On March 18, 2022, pursuant to the Scheduling Order, Plaintiff[s] filed a Motion for Partial Summary Judgment. Defendant Daniel Speedy filed a Motion for Extension of Time To Respond on April 11, 2022. The Defendant's Motion for Extension set forth a desire to depose eighteen (18) individuals, receive affidavits from many others and pursue numerous public records requests. Apparently, none of this had been achieved during the Defendant's five and a half (5½) year involvement in this case.

In light of the loss of Defendant's Son, Defendant was granted an additional thirty (30) days to secure new counsel, through April 25, 2022, and granted an extension from April 15, 2022 to May 19, 2022 to file a Response to Plaintiff's Motion for Summary Judgment. No Notice of Appearance was filed by new counsel.

On May 19, 2022, this matter came on for Final Status Conference at 11:00 a.m. At 10:57 a.m. on May 19, 2022, Defendant Daniel Speedy filed his Response to Plaintiff's Motion for Partial Summary Judgment, at the Common Pleas Clerk of Court's Office, on the second floor of the Guernsey County Courthouse. Defendant Daniel Speedy failed to appear for the Final Status Conference, on the third floor, in the Common Pleas Court at 11:00 a.m.

This Court finds that a stay of these proceedings would allow the Defendant to further dissipate assets and would be detrimental

to any Plaintiff's judgment by effecting the priority in time over any future order obtained by the Federal Government. The parties' Motion for Stay has established "no reason to delay an already too much delayed case. There was ample time for [Defendant] to conduct additional discovery if he chose and no efforts were sought in that regard." *Chase Home Fin., LLC v. Dougherty*, [10th Dist. Franklin No. 12AP-546, 2013-Ohio-1464, ¶ 15].

Order, June 1, 2022, 2-3.

*GCCDC's motion for partial summary judgment*

{¶25} On March 18, 2022, GCCDC appeared to move for partial summary judgment only on claim two and parts of claims three and four. *See* Plaintiff's Motion for Partial Summary Judgment at 3. GCCDC also asserted it was not moving for summary judgment on "(1) the purchase and/or retention of equipment, (2) the purchase and early withdrawal of annuities, and (3) the use of GCCDC assets for personal ventures." *Id.* at fn. 1.

{¶26} Later in the motion, GCCDC stated it was seeking summary judgment as follows: "1.) Judgment as a matter of law as to the claims set forth in the Counterclaim; 2.) Judgment as a matter of law the Consulting Period Release Agreement is void and of no force and effect (sic); 3.) Judgment as a matter of law as to the Speedy Defendants' breach of fiduciary duty, conversion, breach of contract, civil RICO, and civil conspiracy; and 4.) Damages as follows, against Defendants Daniel Speedy, Dora Speedy, Monster Management, LLC, and One Percent, LLC, jointly and severally, in the total amount of $1,031,733.40." *Id.* at 31-32.

{¶27} GCCDC failed to include in its motion any reference to its claims regarding negligence, fraud, self-dealing (counts three and four), and replevin (count five).

{¶28} The trial court adopted that section from GCCDC's motion nearly verbatim in its June 1, 2022 order granting partial summary judgment. Accordingly, this entry left parts of counts three and four and count five pending before the court. The trial court did not certify there was no just cause for delay in its entry.

{¶29} On June 10, 2022, GCCDC filed a notice of dismissal without prejudice. On June 13, 2022, the trial court memorialized GCCDC's dismissal without prejudice and included in its entry there was no just cause for delay. On June 16, 2022, the Attorney General, who was Plaintiff-Intervenor, filed a notice of dismissal without prejudice under Civ. R. 41(A)(1)(a). On June 17, 2022, the trial court memorialized the Attorney General's dismissal without prejudice and included in its entry there was no just cause for delay.

*Appeal and remand*

{¶30} On June 23, 2022, appellants filed a notice of appeal. Appellants assigned three errors, and the matter was briefed by appellants and GCCDC. The issue of whether this was a final appealable order was argued by the parties, and the parties argued the case on the merits. Upon review, this Court found we did not have jurisdiction and dismissed the appeal on March 28, 2023. *Speedy*, supra, 5th Dist. Guernsey No. 22-CA-18, 2023-Ohio-1026, ¶ 23.

{¶31} Upon remand, the trial court issued a docket and journal entry on April 21, 2023, dismissing all remaining claims in Plaintiff's First Amended Complaint with prejudice pursuant to Civ.R. 41(A)(2).

{¶32} Appellants now appeal from the trial court's entry of April 21, 2023, and its decisions granting Attorney Lundholm's motion to withdraw; denying appellants' motion for stay; granting appellee's motion for partial summary judgment; and entering a damages judgment against appellants.

{¶33} Appellants raise three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶34} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY 1) PERMITTING ATTORNEY LUNDHOLM'S WITHDRAWAL AS APPELLANTS' COUNSEL FROM A SIX (6) YEAR LONG COMPLEX LITIGATION CASE FOUR (4) DAYS BEFORE THE DISPOSITIVE MOTION DEADLINE; AND 2) DENYING THE PRO SE APPELLANTS' JOINT MOTION FOR STAY WITH APPELLEE STATE OF OHIO IN CONTRAVENTION OF APPELLANT DANIEL SPEEDY'S CONSTITUTIONAL RIGHTS AND IN THE WAKE OF THE UNEXPECTED DEATH OF APPELLANTS DANIEL SPEEDY AND DORA SPEEDY'S SON."

{¶35} "II. THE TRIAL COURT IMPROPERLY GRANTED APPELLEE GCCDC'S MOTION FOR PARTIAL SUMMARY JUDGMENT."

{¶36} "III. THE TRIAL COURT IMPROPERLY ENTERED A MILLION DOLLAR JUDGMENT AGAINST APPELLANTS WITHOUT CONSIDERING THE APPLICABLE LAW OR HOLDING A DAMAGES HEARING."

## ANALYSIS

### I.

{¶37} Appellants' first assignment of error alleges the trial court erred when it 1) permitted Attorney Lundholm to withdraw, and 2) overruled their motion for stay. We disagree.

{¶38} We review a trial court's decision on counsel's motion to withdraw under an abuse-of-discretion standard. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, ¶ 135; *Wallick v. Lent*, 5th Dist. Tuscarawas No. 2008 AP 05 0034, 2009-Ohio-1399, ¶ 46. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse-of-discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶39} We also review the denial of a motion for stay of proceedings under an abuse-of-discretion standard. *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336, 691 N.E.2d 282 (1998), citations omitted.

{¶40} Appellants first argue the trial court abused its discretion in permitting Attorney Lundholm to withdraw shortly before the dispositive motion deadline. We note the trial court's Order of April 18, 2022, refers back to the Order granting Lundholm's motion to withdraw, stating appellants were ordered to retain new counsel and said counsel was ordered to file a notice of appearance within 10 days. Neither event occurred. In the April 18 order, the trial court acknowledges appellants had not yet

obtained new counsel and therefore held GCCDC's' motion for partial summary judgment in abeyance and extended the deadline to obtain new counsel until April 25, 2022.[2] This extension was due in part to the passing of appellants' son. In light of the trial court's consideration of appellants' plight, and the competing need to keep a long-pending case moving, we find no abuse of discretion in the trial court's scheduling of the April 25, 2022 deadline to retain new counsel. Had new counsel been obtained, they could have filed a motion to extend the dispositive-motion deadline.

{¶41} Appellants further argue the trial court should have queried Attorney Lundholm in accord with our decision in *Tschudy v. Tschudy*, 5th Dist. Stark No. CA-7294, 1988 WL 17173, *1–2, in which we held that the trial court had a duty to enforce the spirit of the professional rules of conduct requiring it to inquire into counsel's motivation to withdraw, whether withdrawal would prejudice his client, and whether counsel had taken reasonable steps to avoid foreseeable prejudice to the client. *Id.* at 3-4. We found the trial court violated this duty, and remanded for further proceedings. *Id.* at 4. *Tschudy* was a child-custody case in which the attorney withdrew at the custody hearing, stating that he was unable to reach his client by telephone and mail, but there was no evidence he notified his client he might withdraw from the case and the client was not present at the hearing. *Id.,* 1988 WL 17173, * 1. There was no evidence the client had notice of the child custody hearing. *Id.*

{¶42} In the instant case, there was not an impending adversarial hearing of great magnitude. See, *Sycamore Twp. v. Carr*, 1st Dist. Hamilton No. C-210389, 2022-Ohio-

---

[2] The trial court's order of April 19, 2022, belies appellants' assertion that it "did not modify the impending dispositive motion deadline as set forth in the Scheduling Order, filed August 31, 2021." Appellants' Brief, 13.

1337, ¶ 14.  Instead, there was a dispositive-motion deadline which the trial court agreed to extend, and which new counsel could have moved to further extend.  We do agree with appellants that the record is scant as to the factual underpinnings of counsel's withdrawal. Attorney Lundholm's motion to withdraw asserted only "there is a fundamental disagreement on the future action to be taken in the litigation," and the trial court granted the motion to withdraw without any further inquiry of Lundholm in the record.

{¶43} GCCDC responds that Attorney Lundholm "foreshadowed" his impending withdrawal as early as January 21, 2022. Appellee's Brief, 14. The trial court's Order of June 1, 2022, cited supra is enlightening as to the trial court's position on extending deadlines for appellants and the delays in the case to that point, most of which were occasioned by Daniel.

{¶44} Upon our review of the record, we find the trial court did not abuse its discretion in permitting Attorney Lundholm to withdraw. The thrust of our decision in *Tschudy* was noting the trial court's duty to ensure counsel observes the rules of professional conduct.  An attorney who terminates representation of a client is required to take steps to protect the client's interest, including giving reasonable notice to the client to allow him or her to obtain other counsel and delivering to the client all papers and property to which the client is entitled, including correspondence, pleadings, and other items reasonably necessary to the client's representation. Prof.Cond.R. 1.16(d). There is no evidence of these concerns in the instant case. The opening paragraph of Daniel's pro se response to summary judgment notes he is in possession of his client files and intends to give them to an unidentified attorney he purportedly hoped to retain. We will not presume Attorney Lundholm violated this rule, especially where appellants have failed

to present such evidence, Daniel was in possession of his client files, and the trial court's orders of March 15, 2022, April 18, 2022, and May 9, 2022 were served on appellants. See, *Norton v. Ray*, 2nd Dist. Clark No. 2017-CA-27, 2017-Ohio-7345, ¶ 17; see also, *Wallick v. Lent*, 5th Dist. Tuscarawas No. 2008 AP 05 0034, 2009-Ohio-1399, ¶ 47 [motion to withdraw and resulting judgment entry served on appellant, therefore no error in allowing counsel to withdraw].

{¶45} We find no abuse of discretion in the trial court's decision to permit Attorney Lundholm to withdraw.

{¶46} Appellants next argue the trial court should have granted their joint motion with the state of Ohio to stay the action pending the outcome of Daniel's criminal case.[3] GCCDC points out that the motion for stay pertained to Daniel only and was limited to his criminal case; the motion did not pertain to Dora, Monster, or One Percent. GCCDC objected to the motion for stay, arguing appellant was aware of the criminal action since early 2021 but sought a stay only after appellee filed its motion for partial summary judgment, and a stay would give Daniel and Dora further opportunity to liquidate and dissipate assets.

{¶47} As noted supra, we review the trial court's decision denying a stay for an abuse of discretion. *Zachary v. Crocket Homes, Inc.,* 5th Dist. Stark No.2003CA00131, 2003-Ohio-5237, internal citation omitted.  The Supreme Court of Ohio has stated:

> In evaluating a motion for a continuance, a court should note,
>
> inter alia: the length of the delay requested; whether other

---

[3] The state of Ohio's consent to the proposed stay was conditioned upon Daniel's agreement to a preliminary injunction prohibiting him from having any involvement in the charitable sector.

continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981).

{¶48} "Although *Unger* was a criminal matter, appellate courts have also applied these factors in civil cases." *In re A.B.*, 4th Dist. Athens, 2019-Ohio-90, 128 N.E.3d 694, ¶ 27. The Supreme Court of Ohio has also considered similar factors in evaluating a motion for stay. *See State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 20.

{¶49} In the instant case, we have reviewed the trial court's Order of June 1, 2022, in which the court noted Daniel was a party to the case since 2016, cited his dilatory actions with regard to discovery, and noted that extending the response time for summary judgment had already delayed the case. Moreover, the trial court was concerned that Daniel gifted substantial real estate assets to his children during the pendency of the instant case, even after pleading guilty to a federal felony of filing a false tax return. Daniel failed to appear for the final status conference despite evidence he was present in the courthouse at the scheduled time. Ultimately the trial court denied the stay because doing otherwise would permit Daniel to dissipate further assets.

{¶50} We find no abuse of discretion because Daniel had already delayed progress of the case, established no compelling reason for a stay, and granting a stay would have further enabled him to dissipate assets. See, *Unger,* supra.

{¶51} Having found no abuse of discretion in the trial court's decisions permitting Attorney Lundholm to withdraw and denying the stay, appellants' first assignment of error is overruled.

## II., III.

{¶52} Appellants' second and third assignments of error are related and will be addressed together. They argue the trial court improperly granted appellee's partial motion for summary judgment, including GCCDC's total requested damages of $1,031,733.40. We disagree.

*Summary judgment was properly entered against*
*Dora, Monster, and One Percent because they failed to file a response*

{¶53} All appellants rely on the same summary judgment arguments on appeal, but we note the summary judgment response was submitted only by appellant Daniel Speedy. The trial court therefore found appellants Dora Speedy, Monster Management, LLC and One Percent, LLC failed to file a timely response and entered summary judgment against them pursuant to Civ.R. 56(E) ["If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."] Appellants have not raised this finding as an assignment of error nor addressed it in their brief. We therefore have no argument before us and summary judgment as to those three appellants is affirmed.

{¶54} We therefore address our discussion of summary judgment to Daniel's arguments.

*Standard of review: Civ.R. 56 evidence*

{¶55} Civil Rule 56 states in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶56} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A

fact is material if it affects the outcome of the case under the applicable substantive law. *Guernsey Cnty. Community Dev. Corp. v. Speedy*, 5th Dist. No. 23CA000004, 2023-Ohio-1796, 216 N.E.3d 18, ¶ 24, citing *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶57} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 738 N.E.2d 1243.

{¶58} A nonmoving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party. This rule is based upon judicial economy. "To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate 'the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial." (Citations omitted.) *C.R. Withem Enterprises v. Maley*, 5th Dist. Fairfield No. 01 CA 54, 2002-Ohio-5056, ¶ 24, citing *Bank One, N.A. v. Burkey* (June 14, 2000), Lorain App. No. 99CA007359, at 10–11.

*Daniel's arguments raised for the first time on appeal*

{¶59} Daniel argues for the first time on appeal that the Release shields him from liability to GCCDC and precludes summary judgment on GCCDC's behalf. The trial court found the Release to be void and of no force and effect. Order, June 1, 2022, page 4.

{¶60} Daniel argues GCCDC failed to establish the Release is not a valid, enforceable contract in its motion for partial summary judgment. GCCDC's position in its motion for summary judgment was that the Release was a nonfactor; i.e. it was null and

void due to numerous irregularities with its formation, of which GCCDC produced Civ.R. 56 evidence. In July 2015, Schaffner prepared a "Consulting Period Release Agreement" between the GCCDC, Monster Management, and Daniel, purporting to release appellants from "all claims including those of which GCCDC is not aware and those not mentioned in the Release." Relevant to Daniel's claim on appeal, GCCDC's motion for partial summary judgment sought, e.g., judgment as a matter of law that the Release is void because appellants failed to disclose the extent of the business relationship between Schaffner and Daniel in Whispering Pines, among other entities; failed to disclosed Schaffner's representation of Daniel in numerous legal matters; and Schaffner falsely represented that Daniel had another attorney. Further, GCCDC argued the Release violated GCCDC's bylaws because signatories to the Release had significant conflicts of interest.

{¶61} GCCDC presented evidence in the form of Schaffner's deposition, in which he confirmed Whispering Pines obtained money from appellee's oil and gas assets. The deposition of GCCDC's former board member Sharon Carpenter established that Daniel and Schaffner did not disclose their conflicts of interest to the board, i.e., their membership in Whispering Pines. Nor did Schaffner obtain a written conflict waiver. Daniel's written discovery responses noted he worked with Schaffner in his capacity as counsel for GCCDC, but "also asked him to do some corporate filings and deeds [for Daniel]" and Schaffner was a member of Whispering Pines.

{¶62} The board relied upon Schaffner, its counsel, to negotiate and draft the Release which unknowingly served to benefit Daniel, Schaffner's undisclosed business partner and client. The appendix to the Release purported to permit appellants to retain

numerous pieces of equipment purchase with GCCDC's funds in a total damage amount of $48,000.00.

{¶63} GCCDC presented evidence that the Release violates its bylaws, specifically its rules for what constitutes a quorum and board members' conflicts of interest. A corporate resolution on July 14, 12015 stated GCCDC wanted to enter a mutual release and settlement agreement with appellants. The resolution is signed by four board members; two of those are Bonnie Braden and Robert Oakley, defendants in the case below. Braden is Daniel's sister and previously served as secretary of the board. Daniel admitted paying off Braden's mortgage in the amount of approximately $10,000.00. Board member Robert Oakley was in a personal relationship with Braden and was an employee of Monster Management, LLC before and after Daniel's termination. GCCDC's bylaws required Braden and Oakley to recuse themselves due to the conflicts of interest. Without the votes of Braden and Oakley, however, the resolution would have failed to pass with a majority vote. Additionally, Sharon Carpenter stated in her deposition that she did not sign the resolution willingly, but was "ordered" to do so by Schaffner.

{¶64} Daniel's summary judgment response made no mention of the Release's enforceability; nor did he put forth any argument that that Release was a binding contract precluding summary judgment for GCCDC.

*Arguments as to award of damages*

{¶65} In its motion for summary judgment, GCCDC argued it was entitled to damages in the amount of $1,031,733.40 and the trial court agreed.

{¶66} We find the Civ.R. 56 evidence presented, demonstrates there is no genuine issue of material fact that appellee was entitled to damages in the amount of $1,031.733.40. This total amount represented the $165,891.51 obtained by appellants through Whispering Pines, LLC, and disgorgement and conveyance of Daniel's interest in Whispering Pines, LLC to appellee; $494,881.89 obtained by appellants through One Percent, and disgorgement and conveyance of any outstanding interests of One Percent to appellee; $113,000 obtained by appellants through sale of the Pomegranate Building; $125,000 obtained by appellants through sale of the North Avenue property; $85,000 obtained by appellants through sale of the 270 Main Street property; and $48,000 for equipment converted by appellants, including a 170 Franklin and 450 Dozer.

{¶67} To the extent that Daniel argues the trial court should have issued findings of fact and conclusions of law as to elements of GCCDC's claims and elements of appellants' counterclaims and defenses, findings of fact and conclusions of law are not required pursuant to Civ.R. 52, and we can discern the trial court's rationale from its well-reasoned decision of June 1, 2022. Moreover, the trial court is not required to make appellants' arguments for them, nor to construct issues of material fact out of whole cloth. Dora, Monster, and One Percent failed to file any summary judgment response, and Daniel's pro se response is incoherent.

{¶68} We have reviewed Daniel's pro se response to the motion for partial summary judgment and must agree with GCCDC that it consists entirely of "irrelevant anecdotes, hearsay, and pure conjecture." Appellee's Brief, 20. Pursuant to Civil Rule 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the

court is only to consider the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). The trial court may consider a type of document not expressly mentioned in Civil Rule 56(C) if such document is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a property framed affidavit pursuant to Civil Rule 56(E)." *Deutsche Bank Nat'l Trust Co. v. Hansen*, 5th Dist. Fairfield No. 2010 CA 00001, 2011-Ohio-1223.

{¶69} Upon review, we find GCCDC met its initial burden of demonstrating the absence of a genuine issue of fact by submitting sufficient and proper Civil Rule 56 evidence, consisting of the incorporation of the pleadings, admissions, affidavits, and various exhibits attached to and incorporated in the affidavits, to demonstrate the absence of a genuine issue of material fact. *N. Orange Homeowners Assn., Inc. v. Suarez*, 5th Dist. Delaware No. 2019 CAE 02 0015, 2019-Ohio-4416, ¶ 35.

{¶70} The burden then shifted to appellants to set forth specific facts, pursuant to the confines of Civil Rule 56, demonstrating a genuine issue of material fact does exist. However, appellants failed to set forth specific facts showing a genuine issue of material fact exists by affidavit or other Civil Rule 56 evidence. Appellants could not rest on the allegations or denials in the pleadings, but had to set forth specific facts by the means listed in Civil Rule 56 showing that a triable issue of fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988). Daniel's response contained a series of unsupported allegations and failed to address GCCDC's arguments altogether. Daniel's unsubstantiated response thus failed to meet appellants' burden and did not raise any genuine issue of material fact to preclude summary judgment.

{¶71} We note Daniel's response to the motion for summary judgment was pro se. However, "it is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25. They are not given greater rights than represented parties, and must bear the consequences of their mistakes. *Carskadon v. Avakian*, 5th Dist. Delaware No. 11 CAG 02 0018, 2011-Ohio-4423.

{¶72} In this case, we find the conclusory and self-serving statements in the response to summary judgment are not corroborated by any evidence, and are not sufficient to establish the existence of an issue of material fact. *Guernsey Cnty. Community Dev. Corp. v. Speedy*, 5th Dist. No. 23CA000004, 2023-Ohio-1796, 216 N.E.3d 18, ¶ 41, citing *Patterson v. Licking Township*, 5th Dist. Licking No. 17-CA-3, 2017-Ohio-5803, 2017 WL 2964196; *Wischt v. Heirs of Mourer*, 5th Dist. Guernsey, 2017-Ohio-8236, 98 N.E.3d 1307. Further, we find the Civ.R. 56 evidence presented demonstrates there is no genuine issue of material fact that GCCDC was entitled to damages in the amount of $1,031,733.40. See, *Roseman Bldg. Co., LLC v. Vision Power Sys., Inc.*, 5th Dist. Stark No. 2009CA00009, 2010-Ohio-229, ¶ 56.

{¶73} Appellants' second and third assignments of error are overruled.

## CONCLUSION

{¶74} Appellants' three assignments of error are overruled and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.